CAMPBELL and Others *v.* CAMPBELL.

The answer of a complainant, to the cross-bill of adult defendants, stating the consideration of a note, cannot be taken as proof against the infant defendants.

APPEAL from the *Tippecanoe* Circuit Court.

SMITH, J.—This was a bill in chancery, filed by *Robert Campbell,* the appellee, to foreclose a mortgage executed by *William Campbell.* The bill alleges, that, on the 12th of *November,* 1840, *William Campbell* made a note for 425 dollars, payable to the complainant three years after date, with interest; and that, on the 3d of *September,* 1841, the said *William* executed another note to the complainant for the payment of 411 dollars, two years after date.

The bill then charges that, on the 13th of *September,* 1841, *William Campbell* mortgaged to the complainant certain tracts of land in *Tippecanoe* county, to secure the payment of a note for 940 dollars, to become due on the 12th of *November,* 1843; that no note for 940 dollars, as described in the mortgage, was ever executed, but said sum was intended to cover the amounts of the two notes first mentioned, with the interest which would accrue upon them; that it was intended a new note should have been given; and that *William Campbell* is dead, leaving heirs, &c., who are made parties.

*James Campbell,* one of the heirs of *William,* answered, and propounded certain interrogatories to the complain-

ant. This answer admits the validity of the note for 425 dollars, which was secured by a prior mortgage on the same lands, but charges that the note for 411 dollars was without consideration; that the prior mortgage had not been entered satisfied; that the mortgage described in the bill had never been delivered to the complainant; and that it was executed to cover the land from the creditors of *William Campbell*.

*Brown*, *Woodbury*, and *Duvault*, creditors of *William Campbell*, who were let in as defendants upon their application, filed answers and cross-bills to the same effect as the answer of *James Campbell*, alleging the mortgage to be fraudulent, and setting out judgments against *William Campbell*, in their favor, junior to the mortgage.

The complainant answers to the cross-bills, that the note for 425 dollars was made for money advanced by him, at its date, to *William Campbell*, to enable the latter to make a payment due on the mortgaged premises; that a mortgage was then executed to secure this note; that, on or about the 3d of *September*, 1841, said *William*, being then at the complainant's residence in *Ohio*, applied for a further loan to assist in paying for said land, and the complainant agreed to loan him the further sum of 300 dollars, to secure which a new mortgage was to be given of the same lands, in which it was intended the old mortgage should merge; and that, as a further inducement to the complainant to loan this additional sum, *William Campbell* agreed to pay interest at the rate of ten instead of six *per cent.* on the note for 425 dollars, and also at the rate of ten *per cent.* on the 300 dollars to be then advanced; that, as the note for 425 dollars was bearing interest, four *per cent.* additional interest was computed upon it, making 51 dollars; and *ten per cent.* for two years on 300 dollars, making 60 dollars, being added to the latter sum, together with the 51 dollars additional interest on the first note, made the sum of 411 dollars, for which said *William* then made the second note; that, at the time the last note was made, the complainant paid *William*

*Campbell* 150 dollars, and promised to pay him the remaining 150 dollars when the new mortgage should be made; that, accordingly, about the 15th of *October*, 1841, the new or second mortgage was brought to him from *Indiana*, by one *Bazil Justice*, and, in pursuance of his agreement, the complainant, on that day, deposited said sum of 150 dollars at the bank of *Circleville, Ohio*, to the credit of the *Lafayette* branch of the State Bank of *Indiana*, for the use of said *William Campbell*, and that said sum was duly received by said *William*. The complainant does not recollect any agreement that a new note should be given, but he says it was the expectation and understanding that the new mortgage was to cover the amounts due by said two notes. He supposes the draftsman who drew the mortgage may have been mistaken in the computation of the exact amount of said two notes.

A guardian *ad litem* was appointed for the infant defendants, who answered in the usual manner.

It was proved by the deposition of *Sanford Cox*, that, on or about the 13th of *September*, 1841, *William Campbell* requested the deponent to draw the mortgage of that date; that he did so; that *William Campbell* told him he wished to include the amount of the former mortgage; that he and the said *William Campbell* computed the interest on the note for 425 dollars, and with the further sums advanced, or to be advanced, made up the sum of 940 dollars, inserted in the mortgage, for which the deponent thinks he drew a note, to be signed by *William Campbell* as recited; that said *William Campbell* said he would procure a release of the former mortgage, inasmuch as the last mortgage was given to secure the sum recited in the former; and that the last mortgage was signed and acknowledged before the deponent as recorder of *Tippecanoe* county.

The cause was set down for hearing on the bill, answers, cross-bills and answers, exhibits, and depositions; and a decree was rendered requiring the said heirs of *William Campbell*, out of the assets coming to them as

such heirs, to pay to the complainant, within six months, the sum of 1,067 dollars, and, in default thereof, the mortgaged premises were directed to be sold, &c.

The appellants ask the reversal of this decree upon two grounds:

1. Because it appears that the loan of 300 dollars, upon which the second note was founded, and the full amount of which note is included in the decree, was at usurious interest, *William Campbell* agreeing to pay 111 dollars for the use of that sum for two years.

2. Because the answer of the complainant to the cross-bills of the adult defendants, stating the consideration of the note for 411 dollars, is not evidence against the infant defendants; and, consequently, as the notes do not correspond with that recited in the mortgage, the complainant was not entitled to a decree without proving all the facts necessary to show that the mortgage was really executed to secure those two notes.

We are of opinion that the decree is liable to both these objections. The only real consideration for the sum of 111 dollars, which was added with the second note, appears to have been the advance of the 300 dollars then loaned. The transaction was, therefore, usurious, independently of the fact that a part of the latter sum was not actually loaned until sometime after the date of the note.

With regard to the other point, independent of the answer of the mortgagee, there is no distinct proof of the advancement of that sum of 300 dollars, especially of that part of it which the complainant admits was not made until after the mortgage was executed, and as that answer cannot be taken as proof against the infant defendants who appeared by a guardian *ad litem*, there is a defect in the proof necessary for a decree against those defendants.

*Per Curiam.* — The decree is reversed with costs. Cause remanded, with leave to the complainant to make further proof as to the debt intended to be secured by the mortgage.

*R. C. Gregory,* for the appellants.

*H. O'Neal* and *R. A. Lockwood,* for the appellee.